COMMONWEALTH vs. EVENS CHERY. No. 93-P-69. February 17, 1994.
*Fraud. Insurance*, Fraud and concealment. *Practice, Criminal*, Verdict.

Before a jury of six in the District Court, the defendant Evens Chery was convicted of motor vehicle insurance fraud (G.L. c. 266, § 111B). His primary claim on appeal is that he was wrongly denied a required finding of not guilty, for which he had timely moved. We affirm.

There was evidence which, if believed, entitled the jury to find that the defendant on December 18, 1988, had reported his car stolen from the driveway of his residence in Malden. Police found that car later the same day on Windsor Street in Somerville, in a location near where the defendant worked. The car was discovered with its doors and hatch locked, windows fully closed, and no keys inside. None of the door locks had been forced or tampered with. The car's ignition had not been "popped" or otherwise short circuited. Someone had started a fire inside the car but had been an amateur as an arsonist. By reason of the car windows all having been closed, the fire flickered out for want of oxygen well before consuming the vehicle.

As an object of desire for theft, the defendant's 1988 Ford Escort was an unlikely candidate. The vehicle had been in an accident on December 16, 1988, immediately before the defendant reported it missing. From that accident the car emerged with considerable and visible damage to the right side, right fender, right headlight assembly, and front grille. There was also damage to the radiator which made the "car undriveable for any length of time." Chery had insured his 1988 Ford Escort on September 26, 1988. He had not been lucky with the car. Before the December 16th accident, he had been involved in accidents with the car on October 8, 1988, and November 1, 1988. Chery had financed the purchase of his car on a basis which required payment of $218 per month for five years, i.e., an aggregate roughly of $12,000.

From that evidence, it was open to the jury to make the following inferences. The defendant controlled the keys to the car and those keys had been used to take the car from the defendant's driveway to the place in Somerville, near the defendant's place of employment, where it was later found. Whoever had ineptly burned the car had a set of keys to the car, as the car was otherwise secure. The defendant had a motive for attempting to obtain insurance proceeds to pay off his car loan. In view of its damaged state, it was somewhat unlikely that a thief would choose to steal the defendant's Ford Escort.

If those inferences were made by the jury, they could find that the defendant had committed the crime defined in G. L. c. 266, § 111B, namely that he had made a claim under a motor vehicle insurance policy, with intent to defraud the insurer, by furnishing the insurer false statements in order to obtain payment of insurance proceeds. The judge was right in denying the defendant's motion for a required finding of not guilty. Of course, the evidence was circumstantial, but the crime, in its nature, was

one that could be accomplished without percipient witnesses. See *Commonwealth* v. *Walter*, 10 Mass. App. Ct. 255, 257, 260 (1980); *Commonwealth* v. *Ward*, 14 Mass. App. Ct. 37, 40-41 (1982).

The defendant makes a secondary argument. The jury acquitted the defendant of three other charges: unlawful burning of a motor vehicle (G. L. c. 266, § 5); burning insured property with intent to defraud the insurer (G. L. c. 266, § 10); and making false statements on a stolen motor vehicle report (G. L. c. 268, § 39). Those acquittals, the defendant urges on appeal, are inconsistent with his conviction on the charge of making a fraudulent claim with the insurer. The point is of no consequence because the Massachusetts cases display acceptance of inconsistency in jury verdicts. "[M]ere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous even though such inconsistency may have indicated the possibility of compromise on the part of the jury." *Commonwealth* v. *Scott*, 355 Mass. 471, 475 (1969). See also *Commonwealth* v. *Hamilton*, 411 Mass. 313, 324 (1991); *Commonwealth* v. *Coleman*, 30 Mass. App. Ct. 229, 235-236 (1991); Smith, Criminal Practice & Procedure § 1969 (2d ed. 1983).

*Judgment affirmed.*

*James R. McMahon, III*, for the defendant.

*Judith B. Stephenson*, Assistant District Attorney, for the Commonwealth.